UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tovia Jakubowitz, individually and on behalf of all others similarly situated;<br><br>                                Plaintiff,<br><br><br><br>    -v.-<br>Mullooly, Jeffrey, Rooney & Flynn, LLP<br>Cavalry SPV I, LLC,<br>Gotham Process, Inc.,<br>and John Does 1-25<br>                                Defendants. | Civil Action No: 1:18-cv-3500<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tovia Jakubowitz (hereinafter, "Plaintiff" or "Jakubowitz"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP (hereinafter "Defendant Law Firm"), Cavalry SPV I, LLC (hereinafter "Defendant Cavalry"), and Gotham Process Inc. (hereinafter "Defendant Gotham"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

1

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 1750 Burnett Street, Brooklyn, NY 11229.

8. Defendant Mullooly, Jeffrey, Rooney & Flynn is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4 Bridge Street, Glen Cove, NY, 11542.

9. Upon information and belief, Defendant Mullooly, Jeffrey, Rooney & Flynn is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 7 Skyline, Ste 3, Hawthorne, NY, 10532.

11. Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant Gotham Process Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 299 Broadway, New York, 10007.

13. Defendant Gotham is a debt collector in relation to collection activities regarding the writing and production of the affidavit of service.

14. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Mullooly, Jeffrey, Rooney & Flynn filed a lawsuit attempting to collect a consumer debt;

   c. on behalf of Defendant Cavalry;

   d. using Gotham Process Inc. and the process server;

   e. and received a default judgment due to lack of proper service on a consumer;

   f. which judgment was received on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' practice of "sewer service", violates 15 U.S.C. §§ l692e and 1692f.

20. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' actions in achieving state court judgments on collection claims violate 15 USC §l692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the

       absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25. At a date better known to Defendants, the Plaintiff incurred a debt with Citibank, N.A.

26. The Citibank obligation arose out of transactions in which money, property, insurance or services were the subject of the transactions. Specifically, Plaintiff used the Citibank credit card to purchase items primarily for personal, family or household purposes.

27. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. Citibank is a "creditor" as defined by 15 U.S.C. §1692a(4).

29. Defendant Cavalry, a debt collector and the subsequent owner of the Citibank debt, contracted with Defendant Mullooly, Jeffrey, Rooney & Flynn to collect the alleged debt.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Collection Lawsuit*

31. On or about June 9, 2018, the Plaintiff received a letter in the mail from Defendant Mullooly, Jeffrey, Rooney & Flynn advising him of a Judgment from a recent lawsuit.

32. Plaintiff was shocked to have received this letter since he had never been served with any lawsuit, nor received any copies of a Complaint in the mail.

33. Upon receipt of the letter Plaintiff visited the Clerk of the Court for the Civil Court of the City of New York, Kings County,to obtain further information about the lawsuit.

34. The referenced lawsuit was captioned, Cavalry SPV I, LLC vs. Tovia Jakubowitz, Index Number CV-007855-15/KI, filed on March 21, 2018.

35. The Court's file contained a Motion for Default Judgment, which included the Affidavit of Service. (See attached as Exhibit A).

36. This Affidavit of Service was written by Defendant Gotham Process.

37. Within this Affidavit it is attested to that service was effectuated on March 27, 2018, upon a 53 year old woman who was described as 5'6" tall and weighed approximately 160 pounds.

38. There is no person in the Plaintiff's household that even comes close to matching this description.

39. The only female of age in the Plaintiff's house is his wife, who does not even remotely match this description and knows for a fact she was not served.

40. Furthermore and equally troubling, Plaintiff never received a copy of the Summons and Complaint in the mail, as attested to in the Affidavit in Service.

41. These deficiencies are clear examples of a pattern of "sewer service," in an attempt to quickly obtain Default Judgments.

42. Defendant Mullooly, Jeffrey, Rooney & Flynn, knowingly used this false Affidavit of Service in the filing of an application for a Default Judgment.

43. Accordingly, Plaintiff never received notice that a lawsuit was filed against him, and was robbed of the opportunity to defend himself against the allegations contained in the Complaint.

44. Moreover and equally troubling, Defendant Mullooly, Jeffrey, Rooney & Flynn did not serve a copy of its Motion for Default Judgment upon Plaintiff, nor was a Certificate of Service included in its Motion papers filed on May 10, 2018. (See attached as Exhibit A).

45. Accordingly, Plaintiff was denied the opportunity to oppose the Motion for Default Judgment.

46. Ultimately Defendant secured a default judgment in its lawsuit against Plaintiff, without properly effectuating service of the Summons and Complaint upon Plaintiff, nor serving Plaintiff with a copy of its Motion for Default Judgment.

47. Plaintiff sustained an injury in that he now has a judgment in need of satisfying appearing in the public record, as well as his credit report.

48. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

51. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendants violated said section

      a.    by using a false Affidavit of Service in an Application for Default Judgment in violation of §1692e(10); and

      b.    by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

      c.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

53.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56.    Defendants violated this section by creating, and using a false affidavit of service.

57.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tovia Jakubowitz, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
June 14, 2018

        /s/ Daniel Kohn
By: Daniel Kohn
**Stein Saks PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*